IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM R. EICKS | * | |
| & | * | |
| NANCY J. EICKS, | * | Civil Action No. AMD 02CV3575 |
| Plaintiffs | * | |
| v. | * | |
| | * | |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS | * | |
| & | * | |
| JOSEPH KIRKMAN, INDIVIDUALLY & HIS OFFICIAL CAPACITIES, | * | |
| | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANTS' ANSWER TO
## PLAINTIFFS' SECOND AMENDED COMPLAINT

The Baltimore City Board of School Commissioners ("Defendant Board") and Joseph Kirkman, in his individual and official capacities, ("Defendant Kirkman") (hereinafter collectively referred to as "Defendants") by their undersigned attorneys, hereby answer the Complaint and Prayer for Jury Trial filled by Plaintiffs, William Eicks and Nancy Eicks and state as follows:

**Jurisdiction and Venue**

1. Paragraph one of the Complaint is jurisdictional and as such no response is required. To the extent that a response is required, the allegations of paragraph one of the Complaint are denied.

2. Defendants deny the truth of the averments contained in paragraph two.

**Facts Common to All Counts**

3. Defendants admit the truth of the averment "Plaintiff, Williams Eicks, is a white male citizen of the State of Maryland"; however, Defendants deny the truth of the remaining averments contained in paragraph three.

4. Defendants admit the truth of the averments contained in paragraph four.

5. Defendants deny the truth of the averments contained in paragraph five; however, Defendants admit the truth of the averment that Plaintiff "[had] been employed for 7 years in the Information Technology Department".

6. Defendants deny the truth of the averment that "Plaintiff is … disabled"; however, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph six.

7. Defendants deny the truth of the averments contained in paragraph seven.

8. Defendants deny the truth of the averments contained in paragraph eight.

9. Defendants deny the truth of the averments contained in paragraph nine.

10. Defendants admit the truth of the averment "in September 2001, Plaintiff requested that his position upgraded in that the PC Technician"; however, Defendants deny the truth of the remaining averments contained in paragraph ten.

11. Defendants admit the truth of the averments contained in paragraph eleven.

12. Defendants deny the truth of the averments contained in paragraph twelve.

13. Defendants deny the truth of the averments contained in paragraph thirteen.

14. Defendants admit the truth of the averments contained in paragraph fourteen; however, Defendants deny the truth of the averment "his documented disability" contained in paragraph fourteen.

15. Defendants deny the truth of the averments contained in paragraph fifteen.

16. Defendants admit the truth of the averments contained in paragraph sixteen.

17. Defendants deny the truth of the averments contained in paragraph seventeen.

18. Defendants admit the truth of the averments contained in paragraph eighteen.

19. Defendants deny the truth of the averments contained in paragraph nineteen.

20. Defendants admit the truth of the averments contained in paragraph twenty.

21. Defendants deny the truth of the averments contained in paragraph twenty-one.

22. Defendants deny the truth of the averments contained in paragraph twenty-two.

**Count I – Violation of Plaintiff's Rights Pursuant
to the 1st & 14th Amendments to the U.S. Constitution
And 42 U.S.C. 1983 by
The Baltimore City Board of School Commissioners**

23. Defendant Board incorporates by reference Defendants' responses to the paragraphs of the Complaint that the Plaintiff has incorporated by reference in paragraph twenty-three.

24. Defendant Board denies the truth of the averments contained in paragraph twenty-four.

25. Defendant Board denies the truth of the averments contained in paragraph twenty-five.

26. Defendant Board denies the truth of the averments contained in paragraph twenty-six.

### Count II – Violation of Plaintiff's Rights Pursuant to the 1st & 14th Amendments and 42 U.S.C. 1983 By Defendant Joseph Kirkman

27. Defendant Kirkman incorporates by reference Defendants' responses to the paragraphs of the Complaint that the Plaintiff has incorporated by reference in paragraph twenty-seven.

28. Defendant Kirkman denies the truth of the averments contained in paragraph twenty-eight.

29. Defendant Kirkman denies the truth of the averments contained in paragraph twenty-nine.

30. Defendant Kirkman denies the truth of the averments contained in paragraph thirty.

### Count III – Violation of Plaintiff's Right to Due Process Pursuant to Article 24 of the Maryland Declaration of Rights by the Baltimore City Board of School Commissioners

31. Defendant Board incorporates by reference Defendants' responses to the paragraphs of the Complaint that the Plaintiff has incorporated by reference in paragraph thirty-one.

32. Defendant Board denies the truth of the averments contained in paragraph thirty-two.

33. Defendant Board denies the truth of the averments contained in paragraph thirty-three.

34. Defendant Board denies the truth of the averments contained in paragraph thirty-four.

### Count IV -- Violation of Plaintiff's Right to Due Process
### Pursuant to Article 24 of the Maryland Declaration of Rights
### By Defendant Joseph Kirkman

35. Defendant Kirkman incorporates by reference Defendants' responses to the paragraphs of the Complaint that the Plaintiff has incorporated by reference in paragraph thirty-five.

36. Defendant Kirkman denies the truth of the averments contained in paragraph thirty-six.

37. Defendant Kirkman denies the truth of the averments contained in paragraph thirty-seven.

38. Defendant Kirkman denies the truth of the averments contained in paragraph thirty-eight.

### Count V -- Retaliation by the Baltimore City Board of
### School Commissioners

39. Defendant Board incorporates by reference Defendants' responses to the paragraphs of the Complaint that the Plaintiff has incorporated by reference in paragraph thirty-nine.

40. Defendant Board denies the truth of the averments contained in paragraph forty.

41. Defendant Board denies the truth of the averments contained in paragraph forty-one; however, Defendant Board is without knowledge or information sufficient to form a belief as to the truth of the averment "Plaintiff has filed a new charge of Retaliation with regard to his termination on February 21, 2003".

42. Defendant Board denies the truth of the averments contained in paragraph forty-two.

43. Defendant Board denies the truth of the averments contained in paragraph forty-three.

### Count VI -- Retaliation by Joseph Kirkman, Individually & in his Official Capacity

44. Defendant Kirkman incorporates by reference Defendants' responses to the paragraphs of the Complaint that the Plaintiff has incorporated by reference in paragraph forty-four.

45. Defendant Kirkman denies the truth of the averments contained in paragraph forty-five.

46. Defendant Kirkman admits the truth of the averments contained in paragraph forty-six; however, Defendant Kirkman is without knowledge or information sufficient to form a belief as to the truth of the averment "Plaintiff has filed a new charge of Retaliation with regard to his termination on February 21, 2003".

47. Defendant Kirkman denies the truth of the averments contained in paragraph forty-seven.

48. Defendant Kirkman denies the truth of the averments contained in paragraph forty-eight.

### Count VII -- Intentional Infliction of Emotional Distress

49. Defendants incorporate by reference their responses to the paragraphs of the Complaint that the Plaintiff has incorporated by reference in paragraph forty-nine.

50. Defendants deny the truth of the averments contained in paragraph fifty.

51. Defendants deny the truth of the averments contained in paragraph fifty-one.

52. Defendants deny the truth of the averments contained in paragraph fifty-two.

53. Defendants deny the truth of the averments contained in paragraph fifty-three.

54. Defendants deny the truth of the averments contained in paragraph fifty-four.

### Count VIII -- Loss of Consortium

55. Defendants incorporate by reference their responses to the paragraphs of the Complaint that the Plaintiffs have incorporated by reference in paragraph fifty-five.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph fifty-six.

57. Defendants deny the truth of the averments contained in paragraph fifty-seven.

### Additional Affirmative Defenses

1. Defendants generally deny liability to the Plaintiff for the claims alleged.

2. Defendants did not commit the wrongs alleged.

3. Plaintiff is estopped by his own actions and conduct from claiming any relief from Defendants.

4. Plaintiff's claims are barred because he suffered no damages.

5. Plaintiff is not entitled to punitive damages.

6. Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

7. Plaintiff fails to state a claim upon which relief can be granted.

8. Plaintiff failed to exhaust all accessible administrative remedies or grievances available to him.

9. Plaintiff's claims are barred by the doctrine of laches.

10. Plaintiff's claims are barred by the doctrine of res judicata.

11. Plaintiff's claims are barred in whole or part, by one or more of the following doctrines: accord and satisfaction, payment, release or waiver.

12. Plaintiff's claims are barred by the doctrine of estoppel.

**WHEREFORE**, Defendants, request that the Court enter judgment in its favor, and against Plaintiff on all claims, together with an award of costs and such other and further relief as the Court seems just and proper.

| | |
|---|---|
| \_\_\_\_\_/s/_____ | \_\_\_\_\_/s/_____ |
| Allyson M. Huey | Brian K. Williams |
| Federal Bar No. 025065 | Federal Bar No. 06941 |
| Associate Counsel | Associate Counsel |
| Baltimore City Public School System | Baltimore City Public School System |
| Office of Legal Counsel | Office of Legal Counsel |
| 200 E. North Avenue | 200 E. North Avenue |
| Room 208 | Room 208 |
| Baltimore, Maryland 21202 | Baltimore, Maryland 21202 |
| 410 396-8982 | 410-396-8770 |
| 410 396-2955 (fax) | 410-396-2955 (fax) |
| | |
| Attorney for Defendants | Attorney for Defendants |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM R. EICKS | * | |
| & | * | |
| NANCY J. EICKS, | * | Civil Action No. AMD 02CV3575 |
| Plaintiffs | * | |
| v. | * | |
| | * | |
| BALTIMORECITY BOARD OF SCHOOL COMMISSIONERS | * | |
| & | * | |
| JOSEPH KIRKMAN, INDIVIDUALLY & HIS OFFICIAL CAPACITY, | * | |
| | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that on <u>April 14, 2003</u> a copy of <u>Defendants' Answer to Plaintiff's Second Amended Complaint</u>, which was electronically filed in this case on <u>April 14, 2003</u>, was set via facsimile and mailed via first class mail, postage prepaid, to Sherrie T. Howell, Attorney for Plaintiffs, 2122 Maryland Avenue, Baltimore, Maryland 21218.

                                                /s/
                                      Allyson M. Huey, Bar No. 025065
                                      200 E. North Avenue, Room 208
                                      Baltimore, Maryland 21202
                                      410-396-8982
                                      410-396-2955 (fax)